IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IBM CREDIT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CUSTOM ONE DESIGN, INC., PETER NUYTKENS, MARGARET NUYTKENS and NUYTKENS REALTY TRUST,<br><br>Defendants. | FILED<br>2004 OCT 28 P 3:39<br>04-12303 RGS<br>DISTRICT OF MASS.<br><br>Case No.<br>Judge<br><br>RECEIPT # 59654<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 4<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. M.P.<br>DATE 10/26/04 |

Plaintiff, IBM Credit Corporation ("IBM Credit"), by its attorneys, as and for its Complaint in this matter, alleges as follows:

### IDENTITY OF THE PARTIES

1. At all times herein, IBM Credit was a corporation duly organized under the laws of the State of Delaware, with its principal place of business in Armonk, New York.

2. At all times herein, defendant, Custom One Design, Inc. ("Custom"), was a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Melrose, Massachusetts.

3. At all times herein, defendant, Peter Nuytkens, resided in the Commonwealth of Massachusetts, County of Middlesex, Town of Melrose.

4. At all times herein, defendant, Margaret Nuytkens, resided in the Commonwealth of Massachusetts, County of Middlesex, Town of Melrose.

5. At all times herein, defendant, Nuytkens Realty Trust, resided in the Commonwealth of Massachusetts, County of Middlesex, Town of Melrose.

1

## JURISDICTION

6.     This court has jurisdiction, pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

7.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(a), as a substantial part of the events giving rise to this action occurred in this District.

## NATURE AND BACKGROUND OF THE ACTION

8.     This is an action for: (i) foreclosure of collateral; (ii) repossession of equipment; and (iii) monies due and owing by defendants to IBM Credit.

9.     By Term Lease Master Agreement, dated November 4, 2002, and Restructured Term Lease Supplement, dated November 4, 2002 (collectively, the "Lease"), Custom agreed to lease from IBM Credit, and IBM Credit did lease to Custom, certain computer equipment (the "Equipment").

10.    Under the terms of the Lease, Custom agreed to make monthly lease payments to IBM Credit in varying amounts.

11.    Under the terms of the Lease, Custom agreed that, inter alia, IBM Credit was entitled to a 2% delinquency payment for each month that a Lease payment is late, and, in the event of Custom's default., IBM Credit was entitled to, inter alia: (i) acceleration of the lease payments due on the term of the Lease; (ii) repossession of said Equipment; and (iii) attorneys' fees incurred by IBM Credit in pursuit of repossession and monies due and owing.

12. In addition, by Guaranty dated September 14, 2003, defendants, Peter Nuytkens and Margaret Nuytkens, jointly and severally, personally guaranteed any and all amounts due from Custom to IBM Credit.

13. Similarly, by Collateralized Guaranty dated November 23, 2003, defendant, Nuytkens Realty Trust, guaranteed any and all amounts due from Custom to IBM Credit, and pledged certain property to collateralize said guaranty.

### FIRST CLAIM FOR RELIEF
(Against Custom)

14. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "13", inclusive, as though fully set forth herein.

15. Since in or about August 2004, Custom has failed and refused to make the aforesaid payments due under the Lease.

16. By virtue of Custom's default under the Lease, there is due and owing by Custom to IBM Credit the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore, plus interest as described above.

### SECOND CLAIM FOR RELIEF
(Against Peter Nuytkens)

17. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "16", inclusive, as though fully set forth herein.

18. By virtue of Custom's said default under the Lease, there is due and owing by Peter Nuytkens, as personal guarantor, to IBM Credit the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore.

### THIRD CLAIM FOR RELIEF
### (Against Margaret Nuytkens)

19. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "18", inclusive, as though fully set forth herein.

20. By virtue of Custom's said default under the Lease, there is due and owing by Margaret Nuytkens, as personal guarantor, to IBM Credit the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore.

### FOURTH CLAIM FOR RELIEF
### (Against Nuytkens Realty Trust)

21. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "20", inclusive, as though fully set forth herein.

22. By virtue of Custom's said default under the Lease, there is due and owing by Nuytkens Realty Trust, as guarantor, to IBM Credit the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore.

### FIFTH CLAIM FOR RELIEF
### (Against Nuytkens Realty Trust)

23. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "22", inclusive, as though fully set forth herein.

24. By virtue of Custom's said default under the Lease, IBM Credit is entitled to a judgment of foreclosure on any and all property, real or personal, tangible or intangible, pledged by Nuytkens Realty Trust in the Collateralized Guaranty, up to the value of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore.

## SIXTH CLAIM FOR RELIEF
### (Against Custom)

25. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "24", inclusive, as though fully set forth herein.

26. By virtue of Custom's said default under the Lease, IBM Credit is entitled to recover from Custom full possession of the aforesaid Equipment.

WHEREFORE, IBM Credit respectfully requests that this Court enter judgment: (i) on its First Claim for Relief, as against Custom, in the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, plus interest; (ii) on its Second Claim for Relief, as against Peter Nuytkens, in the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, plus interest; and (iii) on its Third Claim for Relief, as against Margaret Nuytkens, in the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, plus interest; (iv) on its Fourth Claim for Relief, as against Nuytkens Realty Trust, in the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, plus interest; (v) on its Fifth Claim for Relief, as against Nuytkens Realty Trust, a judgment of foreclosure on any and all collateral pledged under the Collateralized Guaranty; (vi) on its Sixth Claim for Relief, directing Custom to turnover possession of all Equipment in its possession under the Lease; and (vii) on all of its Claims for Relief, awarding IBM Credit such other, further and different relief as is just, necessary and proper, including, but not limited to, interest as allowed by law, costs, and attorneys' fees.

October 27, 2004

Respectfully submitted,

IBM CREDIT CORPORATION

By: ______________________
Christopher J. Panos

Christopher J. Panos (BBO# 555273)
Patrick W. Manzo (BBO# 651891)
Craig and Macauley Professional Corporation
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Phone: (617) 367-9500
Fax: (617) 742-1788

Mitchell G. Mandell
Fischer & Mandell LLP
546 Fifth Avenue
New York, New York 10036
(212) 840-9300