IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IBM CREDIT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CUSTOM ONE DESIGN, INC., PETER NUYTKENS, MARGARET NUYTKINS and NUYTKENS REALTY TRUST,<br><br>Defendants. | Case No. 04 Civ. 12303 (RGS) |

Mitchell G. Mandell, an attorney duly admitted before this Court pro hac vice, declares the following to be true under the penalties of perjury:

1. I am a member of Fischer & Mandell LLP, attorneys for plaintiff, IBM Credit Corporation ("IBM Credit"), am fully familiar with the facts and circumstances herein, and submit this Declaration in support of plaintiff's motion for an Order granting plaintiff a judgment by default for the relief demanded in plaintiff's complaint. A copy of the Complaint is annexed as Exhibit "A" hereto.

2. Service was properly effected on each defendant on November 1, 2004 pursuant to Fed. R. Civ. P. 4. Copies of the respective proofs of service are annexed as collective Exhibit "B" hereto.

3. By Term Lease Master Agreement, dated November 4, 2002, and Restructured Term Lease Supplement, dated November 4, 2002 (collectively, the "Lease"), Custom agreed to lease from IBM Credit, and IBM Credit did lease to Custom, certain computer equipment (the "Equipment"). A copy of the Lease is annexed as Exhibit "C" hereto.

4. Under the terms of the Lease, Custom agreed to make monthly lease payments to IBM Credit in varying amounts.

5. Under the terms of the Lease, Custom agreed that, inter alia, IBM Credit was entitled to a 2% delinquency payment for each month that a Lease payment is late, and, in the event of Custom's default, IBM Credit was entitled to, inter alia: (i) acceleration of the lease payments due on the term of the Lease; (ii) repossession of said Equipment; and (iii) attorneys' fees incurred by IBM Credit in pursuit of repossession and monies due and owing.

6. In addition, by Guaranty dated September 14, 2003, defendants, Peter Nuytkens and Margaret Nuytkens, jointly and severally, personally guaranteed any and all amounts due from Custom to IBM Credit. A copy of the Guaranty is annexed as Exhibit "D" hereto.

7. Similarly, by Collateralized Guaranty dated November 23, 2003, defendant, Nuytkens Realty Trust, guaranteed any and all amounts due from Custom to IBM Credit, and pledged certain property to collateralize said guaranty. Copies of the Collateralized Guaranty, together with the UCC 1 filed by IBM Credit, are annexed as collective Exhibit "E" hereto.

8. Since in or about August 2004, Custom has failed and refused to make the aforesaid payments due under the Lease.

9. By virtue of Custom's default under the Lease, there is due and owing by Custom to IBM Credit the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore, plus interest as described above.

10. By virtue of Custom's said default under the Lease, there is due and owing by Peter Nuytkens, as personal guarantor, to IBM Credit the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore.

11. By virtue of Custom's said default under the Lease, there is due and owing by Margaret Nuytkens, as personal guarantor, to IBM Credit the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore.

12. By virtue of Custom's said default under the Lease, there is due and owing by Nuytkens Realty Trust, as guarantor, to IBM Credit the amount of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore.

13. By virtue of Custom's said default under the Lease, IBM Credit is entitled to a judgment of foreclosure on any and all property, real or personal, tangible or intangible, pledged by Nuytkens Realty Trust in the Collateralized Guaranty, up to the value of Six Hundred Three Thousand One Hundred Twelve ($603,112) Dollars, no part of which has been paid despite due demand therefore.

14. By virtue of Custom's said default under the Lease, IBM Credit is entitled to recover from Custom full possession of the aforesaid Equipment.

15. Copies of the issued and outstanding invoices totaling $78,744 are annexed as collective Exhibit "F" hereto. Each of the attached invoices was sent in the ordinary course; none were objected to by Custom; and each remains unpaid. As explained in the accompanying affidavit of James Werther, by virtue of Custom's default,

the lease payments due under the Lease have been accelerated, for a total debt due from Custom to IBM Credit in the amount of $603,112.

WHEREFORE, plaintiff respectfully requests that this Court grant its motion for a judgment by default in its entirety, together with such other, further, and different relief as is just, necessary, and proper.

Dated: New York, New York
December 15, 2004

_____
Mitchell G. Mandell