UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |  |
|---|---|---|
| IBM CREDIT CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 04-12303-RGS |
| CUSTOM ONE DESIGN, INC., PETER NUYTKENS, MARGARET NUYTKENS, and NUYTKENS REALTY TRUST [*sic*], | ) ) ) ) ) | |
| Defendants. | ) ) | |

## **ANSWER**

Comes now the Defendants Custom One Design, Inc., Peter Nuytkens, Margaret Nuytkens, and Nuytkens Realty Trust [*sic*] and answer the Plaintiff's Complaint as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the averments contained in Paragraph 1, and accordingly deny the same.

2. Admitted.

3. Admitted.

4. Admitted

5. Denied.

6. The averments set forth in Paragraph 6 form conclusions of law to which no response is required in this Answer.

7. The averments set forth in Paragraph 7 form conclusions of law to which no response is required in this Answer.

8. The averments set forth in Paragraph 8 characterizes the Complaint, setting forth no factual allegations as to the Defendants. To the extent any response is deemed to be required, the averments are denied.

9. In response to Paragraph 9, Defendants admit to the existence of a certain relationship between Custom One Design, Inc. and the Plaintiff. The Defendants state that any documents memorializing that relationship speak for themselves, and deny the Plaintiff's characterization of those agreements.

10. In response to Paragraph 10, Defendants state that any documents memorializing the relationship speak for themselves, and deny the Plaintiff's characterization of those agreements.

11. In response to Paragraph 11, Defendants state that any documents memorializing that relationship speak for themselves, and deny the Plaintiff's characterization of those agreements.

12. In response to Paragraph 12, Defendants state that any documents memorializing that relationship speak for themselves, and deny the Plaintiff's characterization of those agreements.

13. In response to Paragraph 13, Defendants state that any documents memorializing that relationship speak for themselves, and deny the Plaintiff's characterization of those agreements.

### As and for Count I

14. The Defendants reallege and reincorporate their responses to Paragraphs 1 through 13 as if set forth more fully herein.

15. The Defendants admit that no payments have been tendered since the Fall of 2004, and deny the balance of the averments set forth in Paragraph 15.

16. The averments set forth in Paragraph 16 form conclusions of law to which no response is required in this Answer.

### As and for Count II

17. The Defendants reallege and reincorporate their responses to Paragraphs 1 through 16 as if set forth more fully herein.

18. The averments set forth in Paragraph 18 form conclusions of law to which no response is required in this Answer.

### As and for Count III

19. The Defendants reallege and reincorporate their responses to Paragraphs 1 through 18 as if set forth more fully herein.

20. The averments set forth in Paragraph 18 form conclusions of law to which no response is required in this Answer.

### As and for Count IV

21. The Defendants reallege and reincorporate their responses to Paragraphs 1 through 21 as if set forth more fully herein.

22. The averments set forth in Paragraph 18 form conclusions of law to which no response is required in this Answer.

### As and for Count V

23. The Defendants reallege and reincorporate their responses to Paragraphs 1 through 22 as if set forth more fully herein.

24. Denied.

### As and for Count VI

25. The Defendants reallege and reincorporate their responses to Paragraphs 1 through 25 as if set forth more fully herein.

26. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Complaint fails to state a claim on which relief may be granted.

### Second Affirmative Defense

The claims set forth in the Plaintiff's Complaint may be barred, in all or in part, by the Statute of Frauds.

### Third Affirmative Defense

The Plaintiff's Complaint fails as to the Nuytkens Realty Trust for insufficiency of service of process.

### Fourth Affirmative Defense

Upon information and belief, any recovery by the Plaintiff is barred, in all or in part, by the Plaintiff's violation of the Equal Credit Opportunity Act, 15 U.S.C. §1691, et seq.

### Fifth Affirmative Defense

The Defendants reserve all rights to raise additional affirmative defenses as become known through the course of discovery.

## JURY TRIAL REQUEST

The Defendants request trial by jury on all claims so triable.

                Respectfully submitted,

                CUSTOM ONE DESIGN, INC., PETER NUYTKEN, MARGARET NUYTKENS, and NUYTKENS REALTY TRUST [*sic*], Defendants

By:   /s/ John R. Mayer
       John R. Mayer, BBO #633399
       PERKINS SMITH & COHEN LLP
       One Beacon Street, 30th Floor
       Boston, MA 02108
       Telephone: (617) 854-4000
       Facsimile: (617) 854-4040

**CERTIFICATE OF SERVICE**

  I, John R. Mayer, hereby certify that I caused a true and accurate copy of the above document to be served on counsel for the plaintiff via first class mail, postage pre-paid, on January 5, 2005 at the following addresses:

Christopher J. Panos, Esq.
Craig & Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Mitchell G. Mandell, Esq.
Fischer & Mandell
546 Fifth Avenue
New York, NY 10036

Dated: January 5, 2005

                /s/ John R. Mayer
                John R. Mayer, BBO #633399